## IN THE UNITED STATES BANKRUPTCY COURT
### District of South Carolina

In Re:

**Curtis Jeffrey Pittman**
**Stephanie Reece Pittman**

Case Number **10-03261**

Chapter 13

Debtor(s)

NOTICE OF PLAN MODIFICATION AFTER CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE

I. NOTICE TO CREDITORS AND PARTIES IN INTEREST: The above-captioned debtor[1] proposed a chapter 13 plan and motions that were previously confirmed by this court; debtor now moves, pursuant to 11 U.S.C. § 1329(a), Fed. R. Bankr. P. 3015(g), and Fed. R. Bankr. P. 2002(a)(5), to <u>modify the plan as follows</u>:

*The debtor shall pay to the trustee the sum of $\_\_\_\_\_1,600.00\_\_\_\_\_ per month for a period of \_\_\_13\_\_\_ months, then the sum of $\_\_\_\_960.00\_\_\_\_ per month for a period of \_\_18\_\_ months, then the sum of $\_\_\_\_100.00\_\_\_\_ per month for a period of \_\_6\_\_ months then the sum of $\_\_\_\_960.00\_\_\_\_ per month for a period of \_\_23\_\_ months unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.*

*The trustee shall pay **Founders Federal Credit Union (2005 Chevrolet Silverado)** the sum of $307.00 or more per month, along with **5.25% interest** until the secured claim is paid in full. An approximate amount owing on this debt as of the filing of this amended plan is $9,400. A potion of the original debt was paid earlier in this case. This debt is being reamortized over the remainder of the plan life.*

This modification to the chapter 13 plan and motions may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan are highlighted by italics. (See SC LBR 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B. DEADLINE FOR FILING OBJECTIONS, OPPORTUNITY FOR NOTICE AND HEARING ON CONFIRMATION OF MODIFIED CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be scheduled for hearing and separate notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the modified plan and granting the motions.

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

A. <u>Nonpossessory, Nonpurchase - Money Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase- money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated judicial lien | Judicial lien Not avoided (see IV(B)(4) below) | Judicial lien avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

---
[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

C. <u>Valuation of Security:</u> The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| Countrywide Home Lending/ Bank of America (330 Timber Wolf Trail, Fort Mill, SC) | $350,000 | Countrywide Home Lending/ Bank of America (330 Timber Wolf Trail, Fort Mill, SC) $377,010 | $54,257.00 | $0.00 | $54,257.00 |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease:</u> The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| -NONE- | | | | |

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee"):</u> The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

*The debtor shall pay to the trustee the sum of $ __1,600.00__ per month for a period of __13__ months, then the sum of $ __960.00__ per month for a period of __18__ months, then the sum of $ __100.00__ per month for a period of __6__ months then the sum of $ __960.00__ per month for a period of __23__ months unless all allowed claims (other than*

*long-term claims) are fully paid pursuant to the plan.*

    B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

    1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of $ __3,000.00__ for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of __396.00__ was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $500.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and prepetition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

    2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

B. <u>Secured Creditor Claim</u>: The plan treats secured claims as follows:

    1. <u>General Provisions</u>: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. §362(c)(3) or (c)(4).) Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

    2. <u>Long-term or mortgage debt. No default</u>:

    The debtor is current on obligations to __**Founders Federal Credit Union (2005 Explorer)**__ and will continue regular payments directly to that creditor. Description of collateral: **2005 Ford Explorer Sport. Paid outside plan by debtor's dad.**

3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

    a-1. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to **Countrywide Home Lending  (First Mortgage)** at the rate of $ **0.00** or more per month, for **330 Timber Wolf Trail, Fort Mill, SC 29715, York County**, along with 0% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b.) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.<u>Through a modification Counrtywide Home Lending on its first mortgage is current. The Chapter 13 will not make any future payments to Countrywide Home Lending on the first mortgage.</u>

    b. Maintenance of regular non-arrearage payments. Beginning **June 2010,** the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4. <u>Secured portion of claims altered by valuation and lien avoidance</u>:
The trustee shall pay **Countrywide Home Lending/ Bank of America** the sum of **$0.00** or more per month, along with **0%** interest until the secured claim of **$0.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:
The trustee shall pay **Founders Federal Credit Union (2005 Chevrolet Silverado)** the sum of **$307.00** or more per month, along with **5.25%** interest until the secured claim is paid in full. <u>An approximate amount owing on this debt as of the filing of this amended plan is $9,400. A potion of the original debt was paid earlier in this case. This debt is being reamortized over the remainder of the plan life.</u>

6. <u>Surrender of property</u>:
The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **S L M Financial Corp (2006 Bently 24 ft Pontoon Boat);Someone else pays this loan.** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **GEMB Lending, Inc. 2003 Wildwood 30 BHS Camper; Vin # - 4x4twdf263b042266.** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7. <u>Secured tax debt</u>:
The trustee shall pay _ the sum of $ **0.00** or more per month until the net balance of creditor's secured claim plus **0** % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. <u>Priority Creditors</u>: Priority claims shall be paid as follows:

1. <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages.
The trustee shall pay the pre-petition domestic support obligation arrearage to -NONE-, at the rate of $(amount) or more per month until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. §101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

    2. <u>Other Priority debt.</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. <u>Executory Contracts and Unexpired Leases</u>: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ 0.00 or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. <u>General Unsecured Creditors</u>: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The Debtor does not propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

*VI. Pay order request or other plan provisions not inconsistent with the above: Southland Family Dentistry of Fort Mill, 1741 Gold Hill Road, Ste 2010, Fort Mill, SC 29708.*

Date: February 5, 2013    BY: /s/ F. Lee O'Steen
    F. Lee O'Steen
    P.O. Box 36534
    Rock Hill, SC 29732
    (803) 327-5300
    Attorney for the Debtor
    District Court I.D. 08032

## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The parties served are individually listed on the accompanying list or mailing matrix.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-7<br>Case 10-03261-hb<br>District of South Carolina<br>Spartanburg<br>Tue Feb  5 12:46:55 EST 2013 | Acs/Absolute Credit Service<br>421 Fayetteville St Mall<br>Raleigh NC 27601-1777 | Acs/Absolute Credit Service<br>421 Fayetteville St Ste 600<br>Raleigh NC 27601-1777 |
| BAC Home Loans Servicing, L.P. f/k/a Country<br>c/o Bank of America<br>Mail Stop: TX2-982-03-03<br>7105 Corporate Drive<br>Plano, TX 75024-4100 | Patti H. Bass<br>Bass & Associates, PC<br>3936 E. Ft. Lowell Rd., Suite 200<br>Tucson, AZ 85712-1083 | Beneficial<br>PO Box 3425<br>Buffalo NY 14240-3425 |
| Beneficial South Carolina Inc.<br>by PRA Receivables Management, LLC<br>PO Box 12907<br>Norfolk VA 23541-0907 | Bill Me Later<br>PO Box 2394<br>Omaha NE 68103-2394 | CMC Faculty Physicians<br>PO Box 70826<br>Charlotte NC 28272-0826 |
| Capital One, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712-1083 | Carolinas Medical Center<br>PO Box 32861<br>Charlotte NC 28232-2861 | Countrywide Home Lending<br>450 American St<br>Simi Valley CA 93065-6285 |
| Countrywide Home Lending<br>Attention: Bankruptcy CA6-919-01-41<br>Po Box 5170<br>Simi Valley CA 93062-5170 | Founders Federal Credit Union<br>607 N Main St<br>Lancaster SC 29720-2137 | GEMB LENDING INC<br>PO BOX 5064<br>COSTA MESA CA 92628-5064 |
| GEMB Lending<br>PO box 57091<br>Irvine CA 92619-7091 | Gemb Lending Inc<br>3355 Michelson Dr.<br>Irvine CA 92612-7650 | HSBC Bank Nevada, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd, Suite 200<br>Tucson, AZ 85712-1083 |
| HSBC Retail Services<br>Dept 7680<br>Carol Stream IL 60116-7680 | Hsbc Bank<br>Attn: Bankruptcy<br>Po Box 5253<br>Carol Stream IL 60197-5253 | Hsbc Bank<br>Po Box 5253<br>Carol Stream IL 60197-5253 |
| Hsbc/rs<br>Attn: Bankruptcy<br>Po Box 5263<br>Carol Stream IL 60197-5263 | Hsbc/rs<br>Po Box 3425<br>Buffalo NY 14240-3425 | Hsbc/suzki<br>Po Box 703<br>Wood Dale IL 60191-0703 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | John B. Kelchner<br>Korn Law Firm, PA<br>1300 Pickens St.<br>PO Box 11264<br>Columbia, SC 29211-1264 | (p)NATIONSTAR MORTGAGE LLC<br>P O BOX 299008<br>LEWISVILLE TX 75029-9008 |
| F. Lee O'Steen<br>O'Steen Law Firm, LLC<br>PO Box 36534<br>Rock Hill, SC 29732-0509 | PRA Receivables Management LLC<br>P. O. Box 41067<br>Norfolk, VA 23541-1067 | Curtis Jeffrey Pittman<br>330 Timber Wolf Trail<br>Fort Mill, SC 29715-7096 |

| | | |
|---|---|---|
| Stephanie Reece Pittman<br>330 Timber Wolf Trail<br>Fort Mill, SC 29715-7096 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Recovery Management Systems Corporation<br>25 SE Second Avenue<br>Suite 1120<br>Miami, FL 33131-1605 |
| Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Russ Grady Reece Sr.<br>1136 Hensley Road<br>Fort Mill SC 29715-9017 | S L M Financial Corp<br>6000 Commerce Parkway Ste A<br>Mt. Laurel NJ 08054-2226 |
| S L M Financial Corp<br>6000 Commerce Pkwy Ste A<br>Mount Laurel NJ 08054-2226 | SC Department of Revenue<br>P.O. Box 125<br>Columbia SC 29214-0001 | SLM FINANCIAL<br>300 CONTINENTAL DRIVE<br>NEWARK DE 19713-4322 |
| Lakisha D. Stark<br>National Bankruptcy Services, LLC<br>9441 LBJ Freeway, Suite 250<br>Dallas, TX 75243-4640 | William K. Stephenson Jr.<br>PO Box 8477<br>Columbia, SC 29202-8477 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 |
| YORK COUNTY TAX COLLECTOR<br>1070 HECKLE BLVD STE 101 BOX<br>ROCK HILL SC 29732-2863 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service - Notice<br>Centralized Insolvency Center<br>P.O. Box 21126<br>Philadelphia PA 19114-0326 | Nationstar Mortgage, LLC<br>Bankruptcy Dept<br>350 Highland Dr<br>Lewisville, TX 75067 | (d)Nationstar Mortgage, LLC<br>Bankruptcy Department<br>350 Highland Dr.<br>Lewisville, TX 75067-4177 |
| Portfolio Recovery Associates, LLC<br>PO Box 41067<br>Norfolk, VA 23541 | (d)Portfolio Recovery Associates, LLC.<br>P.O. Box 41067<br>Norfolk, VA 23541 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)BAC Home Loans Servicing, L.P. f/k/a Count | (d)Capital One, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712-1083 | (d)HSBC Bank Nevada, N.A.<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd, Suite 200<br>Tucson, AZ 85712-1083 |

End of Label Matrix
Mailable recipients    42
Bypassed recipients     3
Total                  45